# IN THE COURT OF APPEALS OF IOWA

No. 24-0498
Filed July 2, 2025

**MAURICE OLANDERS LOYD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Derek Johnson, Judge.

An applicant appeals the denial of postconviction relief. **AFFIRMED.**

Sara Pasquale of Pasquale Law, Ankeny, for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**BULLER, Judge.**

Maurice Loyd sexually abused M.W. in July 2021 by penetrating her vagina with his fingers without her consent while she was asleep. We affirmed his conviction for sexual abuse in the third degree, a class "C" felony in violation of Iowa Code section 709.4(1)(a) (2021), on direct appeal. *See State v. Loyd*, No. 22-0067, 2022 WL 17826935, at *1–2 (Iowa Ct. App. Dec. 21, 2022).

Loyd applied for postconviction relief in 2023. The sole claim tried to the court was whether trial counsel failed to effectively cross-examine the victim and a corroborating witness based on alleged inconsistencies identified by Loyd while he was incarcerated.

The postconviction court conducted an exhaustive comparison of the victim's and witness's trial testimony and their depositions (copies of which were marked up by Loyd's handwriting, pinpointing the alleged inconsistencies). What Loyd pointed to were essentially minor complaints about phraseology, explainable lapses in memory, or were not actually inconsistent. The only truly inconsistent statements were on trivial facts like whether a television was on or off. Trial counsel did not testify at the postconviction trial, but the postconviction court reviewed the trial transcript to evaluate counsel's performance.

The court found that trial counsel performed effectively, established the witness's "fuzzy memory," pointed out inconsistencies, and undermined the victim and witness's credibility. The court found no breach of essential duty and expressly concluded that, even if the jury had been directly presented with all of Loyd's claimed inconsistencies in detail, there was no reasonable probability of acquittal. In a fourteen-page written ruling, the postconviction court denied relief.

Loyd appeals, reprising his complaints about trial counsel and making new complaints about postconviction counsel.

Our review is de novo. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A postconviction applicant claiming ineffective assistance must prove both (1) counsel's performance fell below objectively reasonable standards and (2) if counsel had acted differently, there would have been a reasonable probability of a different outcome at trial. *Id.* at 687–88, 694.

First, as to Loyd's complaints about trial counsel, we agree entirely with the postconviction court's detailed ruling, which we adopt as our own. The alleged inconsistencies Loyd identifies either were largely not inconsistent or were minor. None of the inconsistencies fatally undermined the victim's or witness's testimony. And our review of the trial transcript confirms counsel's performance met or exceeded reasonable professional standards, as evidenced by vigorous—though concise—cross-examination. Loyd has not proven either breach of an essential duty or the reasonable probability of a different outcome. *See id.*

Second, as to Loyd's claims about postconviction counsel, we find we cannot reach the claim. The State's appellate brief, citing a structural-error case, "does not contest" error preservation and urges us to analyze the merits. But Loyd's argument is not about structural error. And, in any event, we consider error preservation and our power to decide issues on our own motion, regardless of a

party's failure to cite controlling case law. *See Top of Iowa Coop v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000).

We generally do not decide claims regarding postconviction counsel's effectiveness on appeal from a postconviction action, as we typically need a developed record to decide these claims. *Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) (explaining a limited exception to decide postconviction ineffective-assistance claims "on direct appeal when the appellate record is adequate" and it would not prejudice any party). Instead of deciding the claims without an adequate record or ordering a remand, typically "the claims must be filed as a separate application in district court." *Id.* at 527. We have consistently applied *Goode* in our court's decisions, declining to speculate on undeveloped records or find postconviction counsel ineffective without an opportunity to explain their conduct. *See, e.g.*, *Ernst v. State*, No. 23-1598, 2025 WL 271479, at *6 (Iowa Ct. App. Jan. 23, 2025); *Freese v. State*, No. 23-0139, 2024 WL 2842312, at *2 (Iowa Ct. App. June 5, 2024); *Spellman v. State*, No. 22-0499, 2024 WL 1551158, at *3–4 (Iowa Ct. App. Apr. 10, 2024); *Brown v. State*, No. 22-0459, 2023 WL 3335384, at *3–4 (Iowa Ct. App. May 10, 2023). We apply *Goode* here and decline to reach the effectiveness of postconviction counsel on this undeveloped record. And we note that, even if we were able to reach the merits, and even if Loyd were able to prove counsel's deficient performance, his appellate brief makes no plausible argument establishing the reasonable probability of a different outcome had postconviction counsel acted differently, and this bars relief on the merits. *See Strickland*, 466 U.S. at 694.

**AFFIRMED.**